# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | Criminal No. 4:11-cr-248-ALM-CAN-11 |
| § | |
| STEVEN WILLIAM TAYLOR § | |
| § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on August 17, 2021, to determine whether Defendant violated his supervised release. Defendant was represented by Federal Public Defender Denise Benson. The Government was represented by Assistant United States Attorney Tom Gibson.

On May 22, 2014, United States District Judge Richard Schell sentenced Defendant to a term of sixty (60) months' imprisonment and five (5) years of supervised release. On February 5, 2015, the sentence of imprisonment was reduced to forty (40) months. On November 17, 2017, term of supervised release was revoked, and Defendant was sentenced to twelve (12) months and one (1) day of imprisonment, to be followed by three (3) years of supervised release.

On August 9, 2021, the U.S. Probation Officer filed a First Amended Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 1586). The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant must not unlawfully possess a controlled substance; (2) Defendant must refrain from any unlawful use of a controlled substance; (3) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office; (4) Defendant must not commit

1

another federal, state, or local crime, and (5) Defendant must not possess or have access to a firearm, ammunition, destruction device, or dangerous weapon.

The Petition asserts that Defendant violated these conditions because: (1) in November and December 2019, Defendant verbally admitted to using methamphetamine; (2) on January 25, February 12, 18, and 22, and March 14, 2020, Defendant's urine tested positive for marijuana; (3) on February 27, 2020, Defendant failed to participate in drug testing, and on January 31 and February 14, 2020, Defendant failed to participate in drug treatment; (4) on July 20, 2020 and July 15, 2021, Collin County, Texas, charged Defendant with a Class B misdemeanor of Theft of Property and Assault and Class C misdemeanor of Assault, respectively; and (5) on July 21, 2021, Defendant verbally admitted to possessing a firearm.

At the August 17, 2021 hearing, Defendant entered a plea of guilty as to allegation 2, which the Court accepted. Dkt. 1595. The Government then moved to dismissed allegations 1, 3, 4, and 5, which the Court granted. *See id.* Defendant also consented to revocation of his supervised release and waived his right to file objections with the District Judge. *See* Dkt. 1598. Therefore, the Court finds that Defendant has violated the terms of his supervised release, and thus, his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the August 17, 2021 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 11 months, to be served consecutively to any other sentence imposed, with no supervised release to follow. Additionally, the Court recommends Defendant be placed at a Federal Bureau of Prisons facility in the Northern District of Texas, if appropriate.

**So ORDERED and SIGNED this 18th day of August, 2021.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE